IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-2784-BNB

ROBERT C. COLEMAN,

      Plaintiff,

v.

PHILIP E. JOHNSON,
DIRECTOR OFFICE, Denver Sheriff, and
STRATEGIC PARTNERS, INC.,

      Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 24 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Robert C. Coleman, has filed *pro se* a complaint for money damages. Mr. Coleman has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe Mr. Coleman's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Coleman will be directed to file an amended complaint.

The Court has reviewed Mr. Coleman's complaint, and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court

to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Coleman fails to allege a statutory basis for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). He also fails to provide a short and plain statement of his claims, resorting instead to a chronological recitation of events. *See* Fed. R. Civ. P. 8(a)(2). The gist of the complaint appears to be that Mr. Coleman was homeless for several weeks during a foreclosure eviction on the home where he resided with the homeowner, and that some of his property was stolen or disposed of without notice. He names Scott W. Stauffer as a defendant in the body to the complaint, but fails to list him as a defendant in the caption to the complaint.

Mr. Coleman fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v.*

2

*Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Coleman must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Coleman will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states the basis for this Court's jurisdiction, states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and names each defendant in the caption to the amended complaint.

Accordingly, it is

ORDERED that Plaintiff, Robert C. Coleman, **within thirty (30) days from the date of this order**, file an amended complaint that complies with this order.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for

the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Coleman, together with a copy of this order, two copies of the following form, one of which is to be used in submitting the amended complaint:  Complaint.  It is

FURTHER ORDERED that, if Mr. Coleman fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 24th day of November, 2010.

BY THE COURT:


s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02784-BNB

Robert C. Coleman
P.O. Box 172602
Denver, CO 80217

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 11/24/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk